**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HAROLD A. GUSTAFSON, ) <br>     Plaintiff, ) <br> vs. ) <br> ) <br> MICHAEL SCHWARZ *et al.*, ) <br>     Defendants. ) | 2:13-cv-2197-RCJ-CWH <br><br> ORDER |

Defendants each filed a Motion to Dismiss (ECF Nos. 14, 16) Plaintiff's Complaint (ECF No. 1), which includes claims related to Defendant Schwarz's legal representation of Plaintiff. For the reasons contained herein, the Court grants Defendants' motions with leave for Plaintiff to amend his Complaint against Defendant Schwarz.

**I.      BACKGROUND**

In November 2008, Plaintiff was a convicted prisoner of Minnesota being housed in a prison located in Nevada as part of an interstate compact. (Compl. 4, ECF No. 1). Plaintiff retained Defendant Schwarz as legal counsel during that time to file a habeas petition in this Court challenging his Minnesota conviction. (*Id.*). Defendant Heubner worked as a paralegal in Defendant Schwarz's law office and assisted Defendant Schwarz throughout Plaintiff's case. (*Id.*). In the habeas case, Defendant Schwarz initially named the Minnesota Attorney General as the defendant despite Plaintiff's insistence that the warden of the Nevada prison be the named party. (*Id.*). Once the petition was filed, the defendant moved to transfer the case to the District

1

of Minnesota. (*Id.*). Plaintiff responded to this motion by personally drafting a twenty-eight page opposition, which he gave to Defendant Schwarz to be filed. (*Id.*). Defendant Schwarz, instead of simply filing the memorandum, reviewed what Plaintiff had written and "chopped" it down to five pages. (*Id.*). Over Plaintiff's protests, this revised version is what Defendant Schwarz submitted in opposition to the defendant's motion to transfer venue. (*Id.*). This Court granted the motion on May 10, 2010, and Plaintiff's habeas case was transferred to the District of Minnesota. (*Id.*).

Defendant Schwarz did not receive notification of the transfer until July 16, 2010, when the District of Minnesota contacted him requesting a notice of appearance. (*Id.*). Because of the lapse in time, Plaintiff was denied the opportunity to file an interlocutory appeal of the transfer order. (*Id.*). A writ of mandamus was, however, submitted to the Ninth Circuit Court of Appeals on Plaintiff's behalf, which that court denied. (*Id.*). Defendant Schwarz then told Plaintiff that nothing more could be done to get Plaintiff's habeas case back to Nevada. (*Id.* 4-A). Plaintiff urged Defendant Schwarz to challenge the denied writ by filing for a rehearing en banc. (*Id.*). At first Defendant Schwarz claimed it was too late to make the filing, but then agreed to do so if Plaintiff paid more money. (*Id.*). The complaint does not indicate whether Plaintiff paid an additional retainer amount. Regardless, Defendant Schwarz took no further action relating to Plaintiff's Ninth Circuit writ or the habeas case in Minnesota. (*Id.*).

**II.    LEGAL STANDARDS**

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). The allegations must be construed in the light most favorable to the nonmoving party.

1 *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  In general, the court should look 2 only to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss.  3 However, the court may consider documents attached to the complaint or referred to in the 4 complaint whose authenticity no party questions. *Id.*; *see also Durning v. First Boston Corp.*, 5 815 F.2d 1265, 1267 (9th Cir. 1987).

6 The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the 7 legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  The issue 8 is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer 9 evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) 10 (quotations omitted).  To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed 11 factual allegations, but it must plead "enough facts to state a claim to relief that is plausible on its 12 face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell* 13 *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) 14 (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows 15 the court to draw the reasonable inference that the defendant is liable for the misconduct 16 alleged").  Even though a complaint does not need "detailed factual allegations" to pass Rule 17 12(b)(6) muster, the factual allegations "must be enough to raise a right to relief above the 18 speculative level . . . on the assumption that all the allegations in the complaint are true (even if 19 doubtful in fact)." *Twombly*, 550 U.S. at 555.  "A pleading that offers 'labels and conclusions' or 20 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678.  21 "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual 22 enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

23

24

3

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is denied only when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**III.   DISCUSSION**

The Court understands Plaintiff to present two major claims in his Complaint. Plaintiff first contends that Defendants engaged in legal malpractice. (Compl. 4-A). In addition to malpractice, Plaintiff asserts that Defendants breached a contract with Plaintiff to provide certain legal services. (*Id.* at 5).

**A.  Legal Malpractice**

Under Nevada law, "legal malpractice is premised upon an attorney-client relationship, a duty owed to the client by the attorney, breach of that duty, and the breach as proximate cause of the client's damages." *Semenza v. Nev. Med. Liab. Ins. Co.*, 765 P.2d 184, 185 (Nev. 1988). The duty relevant to a legal malpractice inquiry is "the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise." *Sorenson v. Pavlikowski*, 581 P.2d 851, 853 (Nev. 1978). Also material to a malpractice claim are "those facts that pertain to the presence and causation of damages on which the action is premised." *Brady, Vorwerck, Ryder & Caspino v. New Albertson's, Inc.*, No. 61767, 2014 WL 3881169, at *7 (Nev. Aug. 7, 2014). The plaintiff carries the burden to demonstrate actual loss

1   or damage resulting from the attorney's alleged misconduct. *See Day v. Zubel*, 922 P.2d 536, 538
2   (Nev. 1996).

3   Plaintiff retained Defendant Schwarz to be his attorney and represent him in filing the
4   2008 habeas petition.  There was undoubtedly an attorney-client relationship between the two,
5   which means that Defendant Schwarz owed certain duties to Plaintiff including competent and
6   diligent representation. *See* Nev. Rules of Prof'l Conduct 1.1, 1.3 (2014).  Plaintiff alleges that
7   Defendant Schwarz breached those duties by naming the wrong defendant in the original habeas
8   petition, reducing Plaintiff's initial draft in opposition to the Minnesota District Attorney's
9   motion to transfer, failing to check this Court's website frequently enough to discover the May
10  10th order to transfer, and missing the deadline by which an interlocutory appeal could have
11  been filed to challenge the transfer order. (Compl. 4-A).

12  Plaintiff's first contention could be grounds for malpractice.  It is well established that "a
13  petitioner for habeas corpus relief under 28 U.S.C. § 2254 must name 'the state officer having
14  custody of him or her as the respondent to the petition.'" *Smith v. Idaho*, 392 F.3d 350, 354 (9th
15  Cir. 2004) (quoting *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994)).  A
16  petitioner's failure to name the immediate custodian deprives the federal court of personal
17  jurisdiction over the custodian. *Id.*  Typically, the petitioner's immediate custodian is the warden
18  of the facility where the prisoner is held. *Id.*  A competent practitioner in federal court should be
19  aware of this rule, and harm caused to an attorney's client because of the attorney's failure to
20  name the state officer with immediate custody could potentially be grounds for malpractice.
21  Missing a deadline to file an interlocutory appeal could also give rise to a malpractice claim if
22  the failure caused Plaintiff identifiable harm.  Accordingly, the Court must evaluate the alleged
23  damages suffered by Plaintiff as a result of Defendant Schwarz's actions.

24

5

1      Plaintiff contends that Defendant Schwarz deprived him of "any chance of [him] being
2 able to present documented newly discovered evidence of actual innocence in the Nevada
3 Federal District Court." (Compl. 4-A). Per the Complaint, this does not appear to be completely
4 accurate. Defendant Schwarz, as agreed, filed the habeas petition in this Court and eventually
5 sought a writ of mandamus to avoid having the case transferred to Minnesota. (*Id.*). The Court's
6 decision to transfer the case, not Defendant Schwarz, was the reason this District did not hear
7 Plaintiff's additional evidence. It does not appear that Plaintiff's petition was dismissed for lack
8 of personal jurisdiction as it would have been if the petition failed to name the warden in
9 immediate custody of Plaintiff as a respondent. Moreover, Plaintiff offers no facts indicating
10 that if the interlocutory appeal had been filed, it would have been granted. Nor does Plaintiff
11 explain why Defendant Schwarz's actions caused the Ninth Circuit to deny the writ of
12 mandamus.
13      Further, the fact that Plaintiff's case was transferred to a new forum does not, in itself,
14 constitute the type of damage giving rise to legal malpractice. Plaintiff does not contend that
15 Defendant Schwarz's apparent failures ever caused his case to be dismissed for failure to
16 prosecute; rather, Plaintiff simply did not agree with some of Defendant Schwarz's decisions and
17 was frustrated by Defendant Schwarz's inaction. Therefore, because the Complaint omits facts
18 showing causation and actual damages, the Court dismisses Plaintiff's claim of legal malpractice
19 against Defendant Schwarz. The Court also dismisses the claim as to Defendant Heubner
20 because he is not a licensed attorney and thus cannot commit legal malpractice. *See Semenza*,
21 765 P.2d at 185 (requiring an attorney-client relationship to maintain a malpractice claim). The
22 Court allows Plaintiff leave to amend his Complaint as to Defendant Schwarz on this claim.
23 ///
24

**B. Breach of Contract**

To succeed in a breach of contract claim under Nevada law, Plaintiff would have to show "(1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919–20 (D. Nev. 2006) (citing *Richardson v. Jones*, 1 Nev. 405, 405 (Nev. 1865)). Plaintiff states that he had a contract with Defendant Schwarz for legal services as they related to Plaintiff's habeas petition and paid a $5,000 retainer fee. (Compl. 5). Apparently a contract was drawn up and signed by the parties, but no provisions thereof were attached as exhibits to the Complaint. (*Id.*). Plaintiff does not explain the scope of the agreement, but the Court infers that Defendant Schwarz was to represent Plaintiff until the final disposition of his habeas petition. If Defendant Schwarz did indeed abandon the case by failing to see it through to final disposition without making arrangements for alternative representation, then Plaintiff's asserted breach of contract claim would certainly be plausible, especially if there was any amount of the retainer that was unused yet kept by Defendant Schwarz.

The issue with Plaintiff's Complaint on this claim is that it again fails to identify the damages suffered due to Defendant Schwarz's actions. Plaintiff argues that Defendant Schwarz's conduct "virtually destroyed any opportunity for [him] to present [his] newly discovered evidence . . . in the U.S. Dist. Court in Nevada." (*Id.*). But the Complaint makes it clear that Defendant Schwarz did file Plaintiff's case in this Court, meaning that Plaintiff did have an opportunity to present his evidence and arguments in this District. The Court's conclusion that it was not the proper forum to hear those arguments does not change that fact. Since inability to have his case heard on the merits in this District appears to be the only damage that Plaintiff alleges, Plaintiff fails to survive Defendants' 12(b)(6) motions on this claim. Also,

7

Plaintiff never asserts, and it is logical that he never entered into, a separate contractual relationship with Defendant Heubner from which a breach of contract could arise.  Therefore, the Court dismisses this claim as to both Defendants with leave to amend as to Defendant Schwarz.

**CONCLUSION**

IT IS HEREBY ORDERED that Defendant Schwarz's Motion to Dismiss (ECF No. 14) is GRANTED with leave to amend.  IT IS ALSO ORDERED that Defendant Heubner's Motion to Dismiss (ECF No. 16) is GRANTED with prejudice.

IT IS SO ORDERED.

Dated: September 9, 2014.

_____
ROBERT C. JONES
United States District Judge