# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HAROLD GUSTAFSON,

    Plaintiff,

vs.

MICHAEL SCHWARZ,

    Defendant.

2:13-cv-02197-RCJ-CWH

**ORDER**

This case arises from Defendant's alleged legal malpractice and breach of contract. Pending before the Court is Defendant's Motion to Dismiss (ECF No. 25) Plaintiff's Amended Complaint ("AC"). Plaintiff has filed a Response. (ECF No. 27).

## I.  PROCEDURAL HISTORY AND FACTS

In November 2008, Plaintiff was a convicted prisoner of Minnesota being housed in a prison located in Nevada as part of an interstate compact. Plaintiff retained Defendant as legal counsel during that time to file a habeas petition in this District challenging his Minnesota conviction. Plaintiff sought to challenge his conviction in this District because he believed that his habeas petition would not be given a fair review in Minnesota. (*See* Mot. under Rule 60(b), *Gustafson v. Williams*, No. 2:09-cv-01225- KJD-LRL, ECF No. 24).[1] After the habeas petition was filed, the defendants moved to transfer the case to the District of Minnesota. The motion

---

[1] The Court takes judicial notice of the various court documents referenced herein either because Plaintiff's Amended Complaint specifically cites to them or pursuant to Federal Rule of Evidence 201. *Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014); *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003); *Lee v. City of L.A.*, 250 F.3d 668, 690 (9th Cir. 2001).

1

presented a unique procedural question given the Supreme Court's ruling in *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), regarding jurisdiction and the proper respondent to be named in custodial habeas matters. The court noted that *Padilla* likely required the warden of the Nevada prison to be named since he was Plaintiff's immediate physical custodian. The court determined that this complicated the issue of whether "a petitioner could challenge his present rather than future custody under an out-of-state conviction in a district in the state of conviction rather than a district in the state of confinement." (May 10, 2010 Order 4, *Gustafson v. Williams*, No. 2:09-cv-01225-KJD-LRL, ECF No. 21). The court found that Ninth Circuit precedent prior to *Padilla*, namely *Fest v. Bartee*, 804 F.2d 559 (9th Cir. 1986), made it clear that the court had authority to transfer the action to the District of Minnesota and that "it not only [could] do so but should do so." (*Id.* at 3). But the court also found that *Padilla* introduced "a measure of doubt as to whether *Fest* remain[ed] good law." (*Id.*). The court went on to find that, assuming it had authority to transfer the case, the District of Minnesota would be the best forum to litigate Plaintiff's petition. The court issued its order on May 10, 2010 transferring the case.

However, the court stayed its order for forty-five days so that an interlocutory appeal could be filed with the Ninth Circuit to review whether *Padilla* impacted the holding in *Fest*. (*Id.* at 7). Defendant at this time was relying upon the District's email correspondence system to receive notifications regarding Plaintiff's case. Defendant claims that he received these emails in his personal account through an email forwarding system from his professional account. Defendant further claims that, unbeknownst to him, his professional account was switched when his office changed service providers. In any event, Defendant did not receive the electronic notification that the court had issued an order granting the defendant's motion to transfer Plaintiff's case to the District of Minnesota. (*See* AC at 4, ECF No. 23).

1    It was not until July 16, 2010 when Defendant received a letter from a Magistrate Judge
2 in the District of Minnesota that Defendant and Plaintiff became aware that the case had been
3 transferred. By then, the time to file the interlocutory appeal had passed and this District no
4 longer had jurisdiction over the case. Nevertheless, in an attempt to correct the mistake,
5 Defendant filed a motion under Rule 60(b) and Rule 6(b) asking the court to either reconsider its
6 order to transfer the case or to reissue the order so that the interlocutory appeal could be filed
7 with the Ninth Circuit. (Mot. under Rule 60(b), *Gustafson v. Williams*, No. 2:09-cv-01225- KJD-
8 LRL, ECF No. 24). The court found that neither Rule was beneficial to Plaintiff and that the
9 time for interlocutory appeal had passed, especially because the case was lodged in the transferee
10 court. (*Id.* at 3–7).

11    Plaintiff then convinced Defendant to file a writ of mandamus with the Ninth Circuit in a
12 last ditch effort to have this District ordered to hear Plaintiff's case. (AC at 4). The petition for a
13 writ was filed by Defendant on December 13, 2010. Thereafter, the Ninth Circuit found that
14 Plaintiff's writ raised issues that warranted a response and ordered that the real parties in interest
15 do so. (9th Cir. Feb. 8, 2011 Order 1, No. 10-73787, ECF No. 23, Ex. 1). A response was filed
16 and Defendant filed a reply on Plaintiff's behalf. (*Gustafson v. USDC-NV*, 9th Cir. Dkt., Case
17 No. 10-73787, ECF No. 13). Defendant also filed a motion for preliminary and injunctive relief
18 on Plaintiff's behalf, (*Gustafson v. USDC-NV*, No. 10-73787, 9th Cir. Dkt., ECF No. 14), which
19 was opposed by the real parties in interest. The Ninth Circuit then held that Plaintiff had failed
20 to demonstrate that his case warranted the intervention of the Appeals Court "by means of the
21 extraordinary remedy of mandamus." (9th Cir. June 28, 2011 Order, ECF No. 23, Ex. 2).

22    At this point, Plaintiff alleges that Defendant abandoned him. Defendant did not seek a
23 rehearing en banc of the panel's decision to deny the writ. Instead, Plaintiff himself filed an

24

1  emergency motion to stay or recall the mandate, which the Ninth Circuit denied as an untimely
2  motion for reconsideration of the June 28, 2011 order since no mandate had been issued, and the
3  case was closed. (*Gustafson v. USDC-NV*, Case No. 10-73787, 9th Cir. Dkt., ECF No. 19).
4  Plaintiff's habeas petition was still pending in the District of Minnesota, however, and Plaintiff
5  alleges that Defendant's duties to represent him continued after the case transferred or that
6  alternatively Defendant should have made other arrangements for Plaintiff's representation.

7  Plaintiff filed this action against Defendant on November 26, 2013. On May 13, 2014,
8  Defendant filed his first motion to dismiss Plaintiff's malpractice and breach of contract claims,
9  which the Court granted because Plaintiff had failed to plausibly plead damages. (Sept. 9, 2014
10 Order, ECF No. 22). The Court gave Plaintiff leave to amend his initial complaint to correct the
11 deficiencies. Defendant now moves to dismiss the Amended Complaint either because it fails to
12 allege any cause of action, or because it fails to state a claim for relief pursuant to Rule 12(b)(6).

13 **II.  LEGAL STANDARD**

14 The Court acknowledges Defendant's argument that Plaintiff's Amended Complaint does
15 not conform to the structure of a traditional complaint filed in federal court. However, given
16 Plaintiff's status as a pro se litigant and the fact that Defendant has adequate notice of the claims
17 against him, the Court finds that it may accept the filing as Plaintiff's attempt to demonstrate the
18 plausibility of his claims. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (noting that
19 courts "tolerate informalities from civil pro se litigants"). The Court, therefore, will not regard
20 the filing as a motion for reconsideration as Defendant suggests. Instead, the Court will evaluate
21 the Amended Complaint under the Rule 12(b)(6) standard.

22 The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the
23 legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue

24

is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations, but it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass Rule 12(b)(6) muster, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## III. DISCUSSION

Plaintiff's Amended Complaint alleges that Defendant committed legal malpractice by failing to monitor the District's website for notification that an order had been issued regarding the motion to transfer in Plaintiff's habeas case. Plaintiff claims that this failure caused him to miss the deadline by which the interlocutory appeal could have been filed to challenge this District's authority to transfer Plaintiff's habeas case to Minnesota. Plaintiff also claims that Defendant's assistance with filing the writ of mandamus in the Ninth Circuit, as well as the motion for an injunction, was insufficient because he did not seek a rehearing of the panel's

5

decision en banc. Additionally, Plaintiff claims that Defendant committed malpractice by failing to represent him in the District of Minnesota or for failing to arrange for representation there.

The Amended Complaint further alleges that Defendant breached his contractual duties by failing to file the interlocutory appeal, to seek rehearing en banc of the denial of the writ petition, and to represent Plaintiff in the District of Minnesota. In support of these contentions, Plaintiff has attached the parties' Retainer Agreement ("the Agreement") to the Amended Complaint, which the Court may review in considering Defendant's Motion to Dismiss. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

Plaintiff summarizes his damages arising from these causes of action as follows:

> [T]he irreparable damages sustained by this plaintiff cannot be underestimated, as his habeas petition 'by law' should have been litigated 'on the merits' in the Nevada U.S. district court (the district of confinement) as determined by the United States Supreme Court, as well as habeas rules, 28 U.S.C. [§§] 2242, 2242, and Article III of the U.S. Constitution.

(AC at 15).

**A. Legal Malpractice**

Under Nevada law, "legal malpractice is premised upon an attorney-client relationship, a duty owed to the client by the attorney, breach of that duty, and the breach as proximate cause of the client's damages." *Semenza v. Nev. Med. Liab. Ins. Co.*, 765 P.2d 184, 185 (Nev. 1988). The duty relevant to a legal malpractice inquiry is "the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise." *Sorenson v. Pavlikowski*, 581 P.2d 851, 853 (Nev. 1978). Also material to a malpractice claim are "those facts that pertain to the presence and causation of damages on which the action is premised." *Brady, Vorwerck, Ryder & Caspino v. New Albertson's, Inc.*, 333 P.3d 229, 235

1  (Nev. 2014).  The plaintiff carries the burden to demonstrate actual loss or damage resulting

2  from the attorney's alleged misconduct.  *See Day v. Zubel*, 922 P.2d 536, 538 (Nev. 1996).

3  There is no question that an attorney-client relationship existed in this case, and that

4  Defendant owed a duty of care to Plaintiff as his client.  However, the Court finds the issues of

5  causation and damages to be dispositive here.  Plaintiff argues that Defendant's actions caused

6  him harm because Plaintiff's habeas petition has not been heard on the merits in a court of

7  "proper, constitutional and/or statutorial jurisdiction." (AC at 15).  Plaintiff claims that only this

8  District meets that description.

9  It is clear from the Amended Complaint that although Defendant failed to properly

10  monitor the status of Plaintiff's habeas case, both this District and the Ninth Circuit had multiple

11  opportunities to hear Plaintiff's objections to transfer.  Defendant filed a response in opposition

12  to transfer, and while Defendant may have "chopped" many of Plaintiff's arguments, the

13  response itself asserts many of the arguments that Plaintiff now raises as to the constitutionality

14  of transferring his case to Minnesota. (*See* Resp. Mot. to Transfer, *Gustafson v. Williams*, No.

15  2:09-cv-01225-KJD-LRL, ECF No. 15).  This Court agrees that Defendant likely breached a

16  duty of care he owed to Plaintiff when he missed the deadline to file the interlocutory appeal.

17  However, the court reviewed Plaintiff's arguments again when Defendant filed the Rule 60(b)

18  motion.  The court disagreed that such a motion was procedurally proper, but emphasized that it

19  had "every confidence that the District of Minnesota [would] be as fully vigilant as this [c]ourt

20  would have been in considering petitioner's constitutional claims" and that "[t]he question of

21  which federal forum those issues [would] be resolved in [had] nothing to do either with the

22  merits of the case or the quality of the consideration that petitioner's case [would] receive." (Oct.

23  25, 2010 Order 7, *Gustafson v. Williams*, No. 2:09-cv-01225-KJD-LRL, ECF No. 27).

24

1   The Ninth Circuit also had an opportunity to weigh in on the constitutionality of the
2 court's transferring Plaintiff's petition to Minnesota. Although an interlocutory appeal was not
3 filed, the petition for a writ of mandamus was. Plaintiff's petition raised the same arguments
4 against transfer that were presented to the District Court. A panel of the Ninth Circuit reviewed
5 the petition and determined that the habeas defendants needed to responded, which the
6 defendants did. Defendant then submitted a reply on Plaintiff's behalf criticizing the defendants'
7 response and emphasizing the alleged unconstitutionality of the transfer to Minnesota. With all
8 these arguments before it, the Ninth Circuit determined that Plaintiff had not demonstrated a
9 need for a writ of mandamus and closed his case.

10   Despite Defendant's lapse of attentiveness to Plaintiff's case, there is no indication that
11 Defendant's failure to file the interlocutory appeal caused Plaintiff's alleged damages. Had the
12 transfer of Plaintiff's habeas petition to the District of Minnesota constituted the grave violation
13 of the Constitution that Plaintiff asserts, the Ninth Circuit certainly would not have hesitated in
14 issuing the writ of mandamus. *See Hernandez v. Tanninen*, 604 F.3d 1095, 1099 (9th Cir. 2010)
15 (noting that the Court of Appeals considers "whether the district court's order is clearly
16 erroneous as a matter of law" in deciding to issue a writ).   Moreover, Defendant's failure to
17 pursue an en banc appeal cannot be deemed the cause of Plaintiff's alleged harm either.
18 Contrary to Plaintiff's adamancy that "the answer" to whether the Ninth Circuit would "have
19 granted the interlocutory appeal is a confident 'yes'" given the various cases he cites, there is no
20 evidence that the court's order to transfer the case would have been overruled.[2]  This is
21 particularly true since the Court of Appeals had the opportunity to review Plaintiff's arguments

---

[2] Indeed, *Fest v. Bartee*, 804 F.2d 559 (9th Cir. 1986), remains controlling law in the Ninth Circuit. *See Dixon v. LeGrande*, No. 3:13-cv-00150-HDM-VPC, 2013 WL 1413758, at *1–2 (D. Nev. Apr. 4, 2013) (McKibben, J.) (agreeing with Judge Dawson's analysis in *Gustafson v. Williams* that *Fest* remains controlling and that common sense would indicate a challenge to the petitioner's conviction would best be litigated in the federal district in the state where the petitioner was convicted).

8

1   against transfer when it ruled on his petition for the writ of mandamus. (*C.f.* Pet. for Writ of

2   Mandamus, *Gustafson v. USDC-NV*, No. 10-73787, 9th Cir. Dkt., ECF No. 1, *with* Resp. to Mot.

3   to Transfer, *Gustafson v. Williams*, No. 2:09-cv-01225- KJD-LRL, ECF No. 15).

4   The Court, therefore, finds that it is not plausible that Defendant's negligence caused

5   Plaintiff's alleged harm.  However, even if the Court determined that Defendant's failure to file

6   the interlocutory appeal and seek rehearing en banc of Plaintiff's writ denial plausibly caused the

7   court's transfer order to stand, the Amended Complaint still fails to allege actionable damage

8   suffered by Plaintiff.

9   Plaintiff claims that his damages arise from having his habeas petition heard in the

10  District of Minnesota since he believes that the federal judges there will not consider his petition

11  fairly and objectively. (*See* Mot. under Rule 60(b), at 4, *Gustafson v. Williams*, No. 2:09-cv-

12  01225- KJD-LRL, ECF No. 24).  First, Plaintiff offers absolutely no evidence that the District of

13  Minnesota would treat his petition with anything other than fairness and impartiality, as noted by

14  the court that transferred the case in the first place. (Oct. 25, 2010 Order 7, *Gustafson v.*

15  *Williams*, No. 2:09-cv-01225-KJD-LRL, ECF No. 21).  And second, Plaintiff does not allege that

16  the District of Minnesota actually acted with bias in reviewing his habeas petition, which would

17  not be a harm that this Court could redress anyway.

18  Plaintiff also claims that he was harmed either because Defendant failed to represent him

19  once the case was transferred to Minnesota or because Defendant failed to arrange for substitute

20  representation.  Again, Plaintiff fails to allege what harm he actually incurred by Defendant's

21  alleged failures.  Perhaps the case was dismissed for lack of prosecution or perhaps Plaintiff's

22  petition was dismissed on the merits.  The Amended Complaint does not say.  In any event,

23  Plaintiff's identified harm is not the actual disposition of his case, but that he was not allowed to

24

9

have the merits of his petition analyzed in this District. As stated, that is not a harm for which Defendant is necessarily responsible, if it is any harm at all. The appropriateness of transfer was a matter of law that the transferring court considered in detail and which the Ninth Circuit had an opportunity to review when ruling on Plaintiff's petition for a writ of mandamus. Accordingly, Defendant's actions or inactions did not cause the case to be transferred.

Therefore, the Court finds that Plaintiff's Amended Complaint fails to establish the plausibility that Defendant committed malpractice. Nonetheless, the fact that Defendant missed a filing deadline because he failed to adequately keep tabs on his "only case in federal court" may raise questions regarding his professional conduct. As the Court stated in its order on Defendant's first motion to dismiss, an attorney has the duty to represent a client both competently and diligently. *See* Nev. R. Prof'l Conduct 1.1, 1.3 (2014). And while a breach of that duty may not always rise to the level of actionable malpractice, as is the case here, it certainly may be relevant in a complaint to the state bar association. *See Mainor v. Nault*, 101 P.3d 308, 320–21 (Nev. 2004) (holding that "a violation of a rule of professional conduct alone [cannot] serve as a basis for civil liability").

**B. Breach of Contract**

To establish a breach of contract claim under Nevada law, there must be "(1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919–20 (D. Nev. 2006) (citing *Richardson v. Jones*, 1 Nev. 405, 405 (Nev. 1865)). Plaintiff has attached the Agreement to the Amended Complaint, which was not included in the original complaint. The Agreement states that Defendant was appointed to represent Plaintiff "as follows:"

> 28 USC § 2254 Petition in the Nevada Federal District Court. Does not include an appeal to the 9th Circuit. Client to assist in the preparation of documents being

10

>submitted and the initial draft of the Petition.  Counsel's duties shall consist of reviewing document, amending as deemed necessary, filing a response to state motions or answer and making oral arguments if necessary.

(Retainer Agreement 1, ECF No. 23, Ex. 3).  It is clear from the Agreement that Defendant's representation was to be limited to filing and litigating the habeas petition in this District.  It explicitly states that the Agreement did not include an appeal to the Ninth Circuit.  However, Plaintiff argues that the interlocutory appeal was not the type of appeal contemplated by the parties during the negotiation of the Agreement, since it could be considered a mere continuation of the litigation in this District.  Even so, Plaintiff fails to state a plausible claim for breach of contract because he fails to adequately plead damages that were the result of the alleged breach.

From what the Court can deduce, Plaintiff's alleged harm under his breach of contract claim is identical to the damage he identified under the malpractice claim—namely, that he was deprived of the opportunity to have the merits of his habeas petition heard in this District.  As explained above, the transfer of Plaintiff's case was not a result of Defendant's actions.

Plaintiff's allegation that Defendant also breached the contract by abandoning him in the District of Minnesota likewise fails to demonstrate a plausible claim.  The Agreement in no way anticipates representation in another federal district, let alone in another federal circuit half way across the country.  Nor does the Agreement indicate that Defendant had the responsibility to arrange for substitute counsel.  But even if the Agreement did require Defendant to represent Plaintiff in Minnesota, Plaintiff fails to tell the Court how he was damaged by the alleged breach.  Certainly litigants benefit at least to some degree from the representation of counsel, but the Amended Complaint says nothing regarding the outcome of the litigation in Minnesota and how Defendant's representation might have changed the result.  Therefore, the Court finds that the

Amended Complaint has also failed to demonstrate the plausibility that Defendant is liable for breaching the Agreement.

### C. Leave to Amend

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is denied only when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

In this case, the Court denies Plaintiff an additional opportunity to amend because it finds that the Amended Complaint cannot be cured by amendment. *See id.* It is clear that Plaintiff views his damages in this case as a lack of opportunity to have the merits of his habeas petition considered in this District, which he feels is the only constitutional form. Plaintiff appears to be essentially alleging a violation of due process. Defendant is not a state actor and cannot infringe upon Plaintiff's due process rights. *See Bingue v. Prunchak*, 512 F.3d 1169, 1173–74 (9th Cir. 2008); *Jackson v. Brown*, 513 F.3d 1057, 1079–80 (9th Cir. 2008). The Court finds that although Defendant acted negligently by failing to update his email address and by not checking the District's website for notifications regarding Plaintiff's habeas petition, the Ninth Circuit still had a chance to review Plaintiff's arguments against transfer when it ruled on his petition for a writ of mandamus. Thus, Plaintiff's alleged harm was not caused by Defendant. Plaintiff is not granted leave to amend.

///

**CONCLUSION**

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (ECF No. 25) is GRANTED with prejudice.

IT IS SO ORDERED.

DATED: This 11th day of February, 2015

_____
ROBERT C. JONES
United States District Judge